# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

UNITED STATES OF AMERICA                         PLAINTIFF

v.                         No. 4:18-cr-12-DPM

RICKEY L. WARREN                                  DEFENDANT

## ORDER

1.     The superseding indictment charged Rickey Warren with one count of conspiracy to defraud the government, two counts of theft of government funds, and one count of bankruptcy fraud.  Warren moved for a judgment of acquittal on all counts after the United States rested.  The Court denied the motion as to counts two, three, and four, but reserved its decision as to the conspiracy count.  Warren renewed his motion before the case was submitted to the jury and again after the jury found Warren guilty on all counts.  The Court made the same rulings again.  His motion on count one still needs a decision.

2.     As the Court of Appeals has recognized, there is some tension in the precedent. *United States v. White*, 794 F.3d 913, 923 (8th Cir. 2015).  This Court added to the tangle by reserving a ruling after the government's case and after the defense's case.  Federal Rule of Criminal Procedure 29(b) instructs that, when a decision is reserved, the Court should decide the motion based on the evidence at the time the ruling was reserved.  The best way to handle these circumstances is

to look first to the government's case and apply *United States v. Davis*, 103 F.3d 660, 667 (8th Cir. 1996): a tie goes to the defendant. Then the Court will rule, in the alternative, based on all the proof and apply *United States v. Baker*, 98 F.3d 330, 338 (8th Cir. 1996): a tie goes to the government. In either situation, this Court must still view the evidence in the light most favorable to the United States and accept all reasonable inferences that support the guilty verdict. *Davis*, 103 F.3d at 667. The question is whether the United States presented sufficient evidence on each essential element of the offense. *United States v. Boesen*, 491 F.3d 852, 857 (8th Cir. 2007). The guilty verdict on count one can be set aside only if no reasonable jury could have found Warren guilty beyond a reasonable doubt. *United States v. Weaver*, 554 F.3d 718, 720 (8th Cir. 2009).

3.     To prove that Warren conspired to defraud the government, the United States had to establish three facts: (1) there was an agreement to achieve an illegal purpose; (2) Warren knew of the agreement; and (3) Warren knowingly became part of the agreement. *United States v. Morris*, 723 F.3d 934, 939–40 (8th Cir. 2013). Warren argues that the government failed to prove that he and his wife, Lillie Gill, had an agreement to defraud the government. Gill did not testify. No written agreement to commit fraud was offered. The United States therefore relied on circumstantial evidence. *United States v. Reeves*, 674 F.2d 739, 747 (8th Cir. 1982).

-2-

The government's theory was straightforward. In 2009, Gill submitted paperwork to the Social Security Administration and the Department of Veterans Affairs stating that Warren had quit his job as a contractor for LRC Builders of Little Rock, was unable to work, and was unable to manage money. *Gov. Ex. 3.1 & 28.* In 2016, she completed more paperwork for the Social Security Administration, which stated that Warren was unable to work. *Gov. Ex. 10.2; 11.2 at 3 & 12.1 at 13.* The government contended Gill was lying. It offered this evidence to prove its contention:

- In 2011, Gill wrote in a bankruptcy petition that Warren kept the books for LRC builders from "2005-present." *Gov. Ex. 54 at 31.*

- Multiple witnesses testified that Warren was working while he was receiving disability benefits. Their testimony did not reach back to work allegedly done when Gill first submitted documents in 2009. It was about later years.

- Special Agent Charles Briscoe testified that, as part of his investigation into Warren, he found approximately 226 work expenditures on bank accounts held by Gill, Warren, or LRC Builders between 2009 and 2016.

- Between 2009 and 2016, Gill signed checks using money that had come from work Warren was doing while he was claiming to be disabled. *Doc. 169 at 4 & Gov. Ex. 66.2 at 2.*

The United States argues that Gill's knowingly false statements prove she conspired with Warren to defraud the government. It also argues

that Gill had motive, because Warren's social security and VA benefits were deposited into her bank accounts. *Doc. 169 at 3.*

The United States offered much proof that, at some point, Gill knew Warren was working while receiving social security and VA benefits. The issue is timing; did the United States offer proof that Warren and Gill had an agreement *in 2009* to get Warren disability benefits that he did not qualify for? The parties dispute whether timing matters. *Doc. 168 at 4-5 & Doc. 169 at 6-8.* It does; both the superseding indictment and the jury instructions specify that the alleged agreement was made in approximately June 2009. *E.g., United States v. Nelson,* 165 F.3d 1180, 1184 (8th Cir. 1999). But, considering the totality of the circumstances and drawing all reasonable inferences in favor of the United States, this Court concludes that the government's evidence of an agreement was not equivocal, and a reasonable jury could have found Warren guilty of conspiracy. Gill's statement in 2011 that Warren kept the books for LRC Builders for the preceding two years is evidence that Gill knowingly made false representations to the government in 2009 — in particular that Warren was unable to work or manage money — as part of a conspiracy to defraud. *Morris,* 723 F.3d at 939-40. Agent Briscoe's testimony about the work expenditures in 2009 and 2010 is more evidence that Gill knew her 2009 statements were false, giving rise to a reasonable inference that she and Warren had an agreement to defraud the United States.

-4-

4.     Now, the alternative ruling.  Taking the record as a whole, including the evidence offered in defense, the result is the same. *Baker*, 98 F.3d at 338.  As best the Court can recall, the additional evidence did not shift the balance on the timing issue in any meaningful way.

\*     \*     \*

For these reasons, Warren's Rule 29 motion for judgment of acquittal on count one is denied.

So Ordered.

*D.P.Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 October 2022